■    In the Matter of the Claim of GILBERT NEIVERTH, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 12, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective April 1, 1975 because he lost his employment through misconduct. Claimant, a cafeteria manager, last worked on March 31, 1975. He was specifically instructed and warned not to use a register containing a fund obtained by another employee. Despite such warning, on March 29, 1975 he commenced working at a register in the cafeteria which contained funds not obtained by him nor signed for by him from his employer. He was discharged as a result thereof. Claimant contended that he had operated a cash register in the cafeteria for a long period of time using funds obtained by another employee, and that he did so to help out when a line of customers waiting to pay was getting too long. The board determined that this contention should be rejected because the employer, in order to ensure against shortages in the funds in the register, adopted a reasonable rule, of which claimant was aware. After having been warned, claimant continued to violate the rule. In the circumstances, claimant's actions amounted to misconduct in connection with his employment. Claimant's contention that the policy he allegedly violated was not in effect at the time of his discharge was contradicted by the personnel manager and the supervisor of cashiers. The issue of credibility thus raised is within the sole province of the board (Matter of Lester [Catherwood], 30 AD2d 1025). The additional contentions of claimant have been examined and are without merit. Decision affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.